**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Lyle M Hanzlick,

            Plaintiff,

v.

Brooke Rollins,

            Defendant.

No. CV-25-00623-TUC-SHR

**ORDER**

Pending before the Court is Defendant's Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 8.) The Motion is fully briefed. (Docs. 11, 12.) For the following reasons, the Court will grant the Motion.

## I.    Background

The Federal Crop Insurance Act (FCIA) was enacted in 1938 to "promote the national welfare by improving the economic stability of agriculture through a sound system of crop insurance." 7 U.S.C. § 1502(a). To carry out its purpose, Congress chartered the Federal Crop Insurance Corporation (FCIC). 7 U.S.C. § 1503. In 1982, Plaintiff was a farmer in Cochise County with 37.1 acres of cotton insured under an FCIC policy. (Doc. 1 at 1.) On September 1, 1982, Plaintiff filed an insurance claim with the FCIC for damages to his crop from cold, wind, rain, and hail. (Doc. 1 at 1.) At some point prior to May 10, 1989, the FCIC informed Plaintiff his claim had been rejected and his administrative appeal rights were exhausted. (Doc. 1-1 at 2.)

In November 2025, Plaintiff filed the instant Complaint against Defendant Brooke Rollins, Secretary of the United States Department of Agriculture.  (Doc. 1.)  Defendant subsequently moved to dismiss Plaintiff's Complaint for failure to comply with the time limitations under the FCIA and failure to state a claim.  (Doc. 8.)

## II.   Legal Standard

On a motion to dismiss under Rule 12(b)(6), allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the court finds a plaintiff does not allege enough facts to support a cognizable legal theory, the court may dismiss the claim.  *SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996).  "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment."  *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991).

A statute-of-limitations defense may be raised in a Rule 12(b)(6) motion only if the running of the statute is apparent on the face of the complaint.  *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006).  "A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'"  *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (quotation omitted).  Where a party alleges in a motion to dismiss that an action is barred under the statute of limitations, the Court's task is only to determine whether the claimant has pleaded facts showing the claim is time barred.  *See Smith ex rel. Estates of Boston Chicken, Inc. v. Arthur Andersen L.L.P.*, 175 F. Supp. 2d 1180, 1198 (D. Ariz. 2001).

"A statute of limitations defense . . . is not 'jurisdictional.'"  *See Day v. McDonough*, 547 U.S. 198, 205 (2006).  "[A] nonjurisdictional federal statute of limitations is normally subject to . . . equitable tolling."  *Holland v. Florida*, 560 U.S. 631, 645–46 (quoting *Irwin*

*v. Dep't of Veteran Affairs*, 498 U.S. 89, 95–96 (1990)). To obtain relief via equitable tolling, a plaintiff must establish "extraordinary circumstances" that were "beyond [plaintiff's] control[, making] it impossible to file the claims on time." *White v. Aurora Loan Servs. LLC*, No. CV-14-01021-PHX-JAT, 2016 WL 3653958, at *4 (D. Ariz. July 6, 2016) (quoting *McCloud v. State*, 170 P.3d 691, 696 (Ariz. App. 2007)). "Courts take a flexible, fact-specific approach to equitable tolling." *Gibbs v. Legrand,* 767 F.3d 879, 885 (9th Cir. 2014).

**III.    Discussion**

Under the FCIA, lawsuits brought against the FCIC based on its denial of insurance claims must be "brought within one year of the date the denial of the claim is mailed and received by the claimant." *Edmonds v. Federal Crop Ins. Corp.*, 684 F. Supp. 656, 657 (N.D. Ala. 1988); *see* 7 U.S.C. § 1508(j)(2)(B). Any claim not served within this statute of limitations is barred. *Id.*

Here, Plaintiff's Complaint alleges he is entitled to "payment with interest and liquidated damages" related to his 1982 crop insurance claim. (Doc. 1 at 1.) Communications attached to Plaintiff's Complaint establish the FCIC informed Plaintiff his claim had been denied at some point before May 10, 1989. (Doc. 1-1 at 2.) Thus, as of that date, at the latest, Plaintiff had written notice of the denial and was required to file suit no later than May 10, 1990. Plaintiff did not file his Complaint until November 2025, over 35 years after the deadline imposed under the FCIA. As such, Plaintiff's claims under the FCIC are time barred under § 1508(j)(2). To the extent Plaintiff seeks equitable tolling, Plaintiff's Complaint is devoid of factual allegations warranting equitable tolling of the one-year statute of limitations. Because the statute of limitations has expired for Plaintiff's cause of action and leave to amend would be futile, the Court will grant Defendant's Motion to Dismiss with prejudice. *See Polich*, 942 F.2d at 1472.

**IV.    Conclusion**

**IT IS ORDERED** Defendant's Motion to Dismiss (Doc. 8) is **GRANTED.**

**IT IS FURTHER ORDERED** Plaintiff's Complaint (Doc. 1) is **DISMISSED**

**WITH PREJUDICE,** and the Clerk of Court shall close this case.

Dated this 26th day of June, 2026.

Honorable Scott H. Rash
United States District Judge